IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,732-01






EX PARTE MICHAEL DEAN SAMUELSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F43449A IN THE 249TH JUDICIAL DISTRICT COURT


FROM JOHNSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one count of
placement of a serial number with intent to change identity, and two counts of theft, and was 
sentenced to eight years' imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his plea agreement was breached, because the plea
agreement specified that his sentence in this case would run concurrently with a sentence from
Missouri. Applicant also alleges that his trial counsel was ineffective. Applicant alleges that his
counsel advised him that he would be returned to Missouri to serve the remainder of a 30-year
Missouri sentence after revocation of parole, and this sentence, concurrently. However, he was sent
immediately to TDCJ to serve this sentence, resulting in consecutive, rather than concurrent
sentences. Applicant also alleges that he asked trial counsel to withdraw his plea, and that counsel
agreed to do so but took no further action.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's Missouri parole had
already been revoked at the time of his plea in this case, or whether he was to be returned to Missouri
for revocation and sentencing proceedings. The trial court shall make findings as to whether
Applicant's Missouri parole has been revoked at this time, and if so, whether Applicant's Missouri
sentence is being served concurrently with his sentence in this case. The trial court shall make
findings as to whether Applicant's counsel advised him that he would be returned to Missouri to
serve his sentences there under the terms of this plea agreement. The trial court shall make findings
as to whether Applicant asked counsel to withdraw his plea, and if so, whether counsel advised
Applicant that he would do so. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 7, 2009

Do not publish